Ken Eland Hoxie City Attorney 736 Main St. Hoxie, Kansas 67740
Dear Mr. Eland:
As city attorney you ask whether the City of Hoxie is required under the Kansas Open Records Act to provide a list of names of new residents requesting utility service from the City of Hoxie. The request is from the Hoxie Area Ministerial Alliance. The Alliance proposes using the list to identify new residents and give each new resident a packet containing brochures from each church in town, a brochure about the city council, and possibly a few snacks if the residents are not settled in their living quarters yet. The packet would also contain information on local support organizations such as the hospital, long term care, Ridgewood Manor, the food pantry, etc.
The Kansas Open Records Act (KORA) provides:
 "All public records shall be open for inspection by any person, except as otherwise provided by this act."[1]
The KORA goes on to provide:
 "(a) Except to the extent disclosure is otherwise required by law, a public agency shall not be required to disclose:
 "(1) Records the disclosure of which is specifically prohibited or restricted by federal law, state statute or rule of the Kansas supreme court or the disclosure of which is prohibited or restricted pursuant to specific authorization of federal law, state statute or rule of the Kansas supreme court to restrict or prohibit disclosure."[2]
K.S.A. 21-3914 creates a crime of receiving public records when they are requested for certain purposes, effectively prohibiting or restricting access to them under those circumstances:
 "(a) No person shall knowingly sell, give or receive, for the purpose of selling or offering for sale any property or service to persons listed therein, any list of names and addresses contained in or derived from public records except: . . ."[3]
This statute is a penal statute which must be strictly construed. While some of the brochures the Alliance intends to put in the packets are information about area churches, we do not view an invitation to attend church as an attempt to sell a service. Disclosure of the names of new residential city utility customers is not precluded by K.S.A. 21-3914.
We do note, however, that K.S.A. 1999 Supp. 45-221 allows closure of one category of records that is of relevance. A public agency is not required to provide:
 "Records of a utility or other public service pertaining to individually identifiable residential customers of the utility or service, except that information concerning billings for specific individual customers named by the requester shall be subject to disclosure as provided by this act."[4]
In a law review article, one commentator has said of this provision:
 "This exception was added in the House Committee on Federal and State Affairs at the request of Major Weber, Director of Computer Services for the City of Topeka, who argued it was an invasion of privacy for a public utility to release individually identifiable billing records. Originally, the exception stated that all individual requests for temporary discontinuance of a city utility were exempted from disclosure. The second part of the exception-'except that information concerning billings for specific individual customers named by the requester shall be subject to disclosure as provided by this act'-was added on the House floor by Republican Representative Robert Vancrum of Overland Park. With Vancrum's amendment, the exception appears to allow a city utility to decline to release a complete list of all individual residential customers, but the billing records of specific customers named by the requester must be provided. One effect of this exception is that persons who want to acquire city utility billing lists for commercial mailing purposes can be denied the use of such records. . . ."[5]
Although it is difficult to understand why a list of names of persons who are customers of the city water department constitutes an invasion of privacy, the words of the exception are clear, and the law review article is persuasive. In interpreting a statute, legislative intent is paramount. The City of Hoxie is not required to provide a list of names of customers of city utilities.
We also note that this office has previously opined that a prospective records request is invalid.[6] To the extent that a request is for records as they become available, the request need not be honored. It is the obligation of the requestor to make periodic requests.
In summary, the City of Hoxie is not prohibited by K.S.A. 21-3914 from providing lists of new utility customers to the Ministerial Alliance because the purpose is not to sell anything to the customers. On the other hand, the City is not required to provide such list.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] K.S.A. 45-218(a).
[2] K.S.A. 1999 Supp. 45-221.
[3] See also K.S.A. 45-220(c).
[4] K.S.A. 45-221(a)(26).
[5] Frederickson, Letting the Sunshine In: An Analysis of the 1984 Kansas Open Records Act, 33 U. Kan. L. Rev. 205, 206 (1985).
[6] Attorney General Opinion 98-51.